IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TEXTRON FINANCIAL CORPORATION, | CASE NO. 1:07 CV 3733 |
| Plaintiff, | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| v. | |
| GREAT OUTDOORS TRAILER COMPANY, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

## Introduction

Before me[1] in this diversity action[2] alleging a breach of contract is a motion by plaintiff Textron Financial Corporation ("Textron") for summary judgment against defendant Mark D. Matthews ("Matthews").[3] Textron has already been awarded a default judgment against defendant The Great Outdoors Trailer Company ("Great Outdoors") on related claims.[4]

By this motion, Textron seeks a summary judgment against Matthews, an individual personal guarantor of financial obligations undertaken by Great Outdoors to Textron in

---

[1] The parties have consented to my exercise of jurisdiction. *See*, ECF ## 17, 18, 22.

[2] 28 U.S.C. ¶ 1332(a). *See*, ECF # 1 at ¶¶ 1, 3. Textron is a Delaware corporation with its principal place of business in Rhode Island. Matthews is a citizen of Ohio residing at Mentor, Ohio.

[3] ECF # 29.

[4] ECF # 20.

connection with Textron's financing of certain trailers acquired by Great Outdoors, for breach of his personal guarantee in light of Great Outdoors' default of its obligations.[5] Matthews has not responded to Textron's motion.

## Facts

As noted in Textron's motion and supporting material, Great Outdoors and Textron entered into a wholesale security agreement in April, 2004 whereby Textron agreed to finance Great Outdoors' acquisition of certain trailers to be sold as part of Great Outdoors' business.[6] By the terms of the agreement, Great Outdoors was to repay Textron the invoice cost of the trailers, interest, and other related charges from the proceeds of sales.[7] The agreement further provided that, in the event of a default, Textron was entitled to repossess the trailers, sell them, and collect any sums due under the agreement, plus costs related to recovering such sums, from Great Outdoors.[8] Finally, as a condition of financing, Textron

---

[5] ECF # 29 at 2-3.

[6] ECF # 29, Ex. A (Affidavit of Timothy J. Mortimer) at ¶ 4; *see also*, ECF # 29, Ex. B (the Agreement).

[7] ECF # 29, Ex. A at ¶ 5.

[8] *Id.* at ¶ 6.

received personal guarantees of Great Outdoors' obligations under the agreement from Matthews[9] and Robert Lakins.[10] Matthews' guarantee has not been revoked.[11]

As noted, Great Outdoors defaulted under the terms of the agreement with Textron.[12] Accordingly, Great Outdoors executed a voluntary release of its rights to the secured inventory in favor of Textron,[13] and Textron notified Matthews that Textron was seeking to enforce his personal guarantee for the amount remaining after Textron had repossessed the inventory subject to the agreement.[14]

The affidavit of Timothy J. Mortimer, which indicates that he is a recovery specialist for Textron with personal knowledge of the facts of this matter, states that Matthews has not paid the amount required of him by his guarantee and demanded of him by Textron's letter of August 28, 2007.[15] Mortimer further states by his affidavit that the amount Matthews owes Textron under the agreement was $101,319.33 as of March 25, 2008, which amount includes principal and interest, but does not include other costs, including attorney fees,

---

[9] *Id*. at ¶ 7; *see also*, ECF # 29, Ex C (Personal Guarantee of Mark D. Matthews).

[10] *See*, ECF # 29 at 4. Textron states that Lakins, who is not named in this action, has filed a petition for relief under federal bankruptcy law and so any potential action on his personal guarantee is stayed. *Id*. at n.4.

[11] ECF # 29, Ex. A at ¶ 8.

[12] *Id.* at ¶ 10.

[13] *Id.* at ¶ 11.

[14] *Id*. at ¶ 12; *see also*, ECF # 29, Ex. E (Certified letters to Matthews and Lakins of August 28, 2007).

[15] ECF # 29, Ex. A at ¶ 13.

allowed by the agreement as costs of recovery, and does not include interest at the rate of $43.55 per diem accruing after March 25, 2008 on the unpaid principal.[16]

## Analysis

### 1.     Standard of review – summary judgment

As is well-established, in a diversity action adjudicated by a federal court, procedural matters are governed by federal law and substantive matters by the applicable state law.[17] Thus, the standard for evaluating the present motion for summary judgment is found in Rule 56 of the Federal Rules of Civil Procedure, which states in pertinent part:

> The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[18]

The moving party has the initial burden of showing the absence of a genuine issue of material fact as to the essential elements of the non-moving party's case.[19] Once the moving party satisfies its burden, the burden then shifts to the non-moving party to set forth specific facts showing the presence of a triable issue of material fact.[20] In doing so, the non-moving party need not produce evidence in a form that would be admissible at trial, but may

---

[16] *Id*. at ¶ 14; *see also*, ECF # 29, Ex. F (Textron damages calculation).

[17] *Surles, ex rel. Johnson v. Greyhound Lines*, 474 F.3d 288, 298 n.1 (6th Cir. 2007) (citations omitted).

[18] Fed. R. Civ. P. 56(c).

[19] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

designate specific facts showing there is a genuine issue for trial.[21] However, the non-moving party may not simply rely on the mere allegations of its pleading.[22]

Courts must evaluate the evidence presented "in the light most favorable to the party opposing the motion."[23] However, the reviewing court must not weigh the evidence so as to determine the truth of the matter, but determine from the evidence presented if there is a genuine issue of material fact for trial.[24]

A dispute concerning a material fact is "genuine," thus placing the matter beyond the reach of summary judgment, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[25] A fact is "material" if it is required to establish "an essential element of [the non-moving party's] case with respect to which it has the burden of proof."[26]

In the end, as the Sixth Circuit has stated, summary judgment is designed to allow the movant to "challenge the opposing party to 'put up or shut up' on a critical issue."[27]

---

[21] *O-So Detroit, Inc. v. Home Ins. Co.*, 973 F.2d 498, 505 (6th Cir. 1992).

[22] *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

[23] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[24] *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

[25] *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

[26] *Celotex*, 477 U.S. at 323.

[27] *BDT Prods. v. Lexmark Int'l*, 124 F. App'x 329, 331 (6th Cir. 2005).

Further, as the Sixth Circuit plainly teaches, "when the material facts of a case are undisputed, as they are here, one of the parties is entitled to summary judgement."[28]

## 2.     Standard of review – breach of contract

As previously noted, in a federal diversity action, the court determines the substantive law by applying the choice of law rules of the forum state.[29] Here, the agreement between Textron and Matthews, which Matthews is charged with breaching, states that it shall be governed and construed according to the laws of Rhode Island.[30] Ohio law, subject to limited exceptions, provides that "courts should apply the law of the states chosen by the parties to a contract to govern their contractual rights and duties."[31] Since Ohio law gives deference to the choice of law specified in the contract, and since no objections to the contractual choice here have been raised,[32] I will apply Rhode Island law to the claim for breach and to Textron's claims for attorneys fees and interest.

---

[28] *Miller v. State Farm Mut. Auto. Ins. Co.*, 87 F.3d 822, 824 (6th Cir. 1996) (citation omitted).

[29] *Id.* (citation omitted).

[30] ECF # 29, Ex. C at ¶ 6.

[31] *Extracorporeal Alliance, L.L.C. v. Rosteck*, 285 F. Supp. 2d 1028, 1036 (N.D. Ohio 2003) (citations omitted).

[32] Textron has neither provided a choice of laws analysis nor specifically relied on the parties' contractual choice of Rhode Island law, but cited this Court instead, without preliminary analysis, to Ohio law as providing the elements of a claim for breach of contract. *See*, ECF # 29 at 7. Inasmuch as the record plainly shows that the parties have chosen Rhode Island law as governing their agreement, and Ohio law will enforce that choice in this matter, Textron's citation to Ohio substantive law as controlling is inapposite.

Rhode Island law provides that "[a] breach of contract claim requires the existence of a contract, a breach, and damages."[33]  Rhode Island law further provides that a prevailing party in any civil action, including a breach of contract matter, is entitled to prejudgment interest at a statutory rate of twelve percent per annum "from the date the cause of action accrued."[34]  In the case of a breach of contract, this statutory prejudgment interest is held to accrue from the "date of demand, i.e., the *date the action was filed*[,]"[35] to the date judgment was rendered. While pre-judgment interest in diversity cases is a matter of state law, post-judgment interest, however, is calculated according to federal law and 28 U.S.C. § 1961.[36]

### 3. Textron is entitled to summary judgment against Matthews

Here, Textron has established the existence of a guarantee contract with Matthews, under which Matthews was obligated, jointly and severally with the other personal guarantor, to pay any obligations incurred by Great Outdoors under the security agreement in the event of a default by Great Outdoors;[37] that Great Outdoors defaulted under its obligations under

---

[33] *Feinstein v. Brown*, 432 F. Supp. 2d 258, 269 (D.R.I. 2006) (citation omitted).

[34] Rhode Island Gen. Laws § 9-21-10(a).

[35] *Buckley v. Brown Plastics Mach., LLC*, 368 F. Supp. 2d 167, 172 (D.R.I. 2005) (citation omitted, emphasis in original).

[36] *Estate of Riddle ex rel. Riddle v. Southern Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005).

[37] ECF # 29, Ex. C at ¶ 1.  Textron also notes that Matthews has not revoked this guarantee.

the security agreement,[38] thus triggering Matthews' personal guarantee; that Textron demanded payment of $87,090.92 under the terms of the personal guarantee from Matthews, representing the outstanding balance owed to Textron by Great Outdoors under its security agreement;[39] that Matthews has not paid the demanded amount;[40] and thus that Textron has been damaged by Matthews' failure to pay the demanded amount he is obligated to pay under his guarantee.[41] As such, I find that Textron has established under applicable Rhode Island law that Matthews has breached his contract with Textron.

I further find that the personal guarantee obligates Matthews to be liable for "all attorneys' fees and other costs and expenses incurred by Textron in connection with Textron's enforcement of this Guarantee."[42] Rhode Island permits the award of attorneys' fees to the prevailing party in a civil action if provided by contract or when allowed by statute.[43] Here, Textron is entitled to attorneys' fees under a specific provision of the

---

[38] ECF # 20.

[39] ECF # 29, Ex. A (Affidavit of Timothy Mortimer) at ¶ 12; Ex. E (Demand letter of August 28, 2007). The three demand letters in Ex. C are addressed only to Robert Lakins, none to Mark Matthews, but one letter has a photocopied certified mail delivery receipt with it indicating it was received by Matthews.

[40] ECF # 29, Ex. A (Mortimer affidavit) at ¶ 13.

[41] *Id.* at ¶ 14.

[42] ECF # 29, Ex. C at ¶ 6.

[43] *See*, *North Am. Catholic Educ. Programming Found. v. Sprint Corp.*, No. C.A. 04-473 T, 2006 WL 1207670, at *5 (D.R.I., May 2, 2006).

personal guarantee and by terms of § 9-1-45 of the Rhode Island General Laws.[44] Accordingly, Textron is awarded its attorneys fees in this matter.

However, as to Textron's claim for pre-judgment interest in the amount of $13,228.40 prior to March 25, 2008[45] and, subsequent to that date, per diem interest of $43.55,[46] I can find no support in Textron's brief, nor in the terms of the guarantee, for assessing any pre-judgment interest at any rate. Indeed, Textron appears to have simply demanded the interest, at this rate, without citing this Court to the basis for awarding it.

As noted previously, Rhode Island law is clear that Textron is entitled to pre-judgment interest of twelve percent per annum from December 6, 2007, the date of the filing of the complaint, to the entry of judgment. After entry of judgment, Textron is entitled to post-judgment interest according to the terms of federal law.

Thus, since I have been cited to no provision of the personal guarantee providing for the award of pre-judgment interest, and have found none in my own review of this agreement, and since Textron did not supply any other basis for pre-judgment interest in the amount claimed, I cannot award Textron such an amount, but must award pre-judgment

---

[44] Section 9-1-45, Rhode Island General Laws states: "The court may award a reasonable attorney's fee to the prevailing party in a civil action arising from a breach of contract in which the court: (1) finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or (2) renders a default judgment against the losing party." Even if there were no provision for the award of attorneys fees in the personal guarantee, this statutory provision would permit Textron to receive attorneys fees since Matthews has raised no justiciable issue of either law or fact.

[45] This is the date Textron filed the present motion for summary judgment against Matthews.

[46] ECF # 29 at 8.

interest according to the terms of the applicable Rhode Island statute.  Moreover, since federal law controls post-judgment interest, I have no basis, without a showing that the contract specifically provides otherwise, to award Textron post-judgment interest at other than the federal statutory rate.

Accordingly, I find that Textron is entitled to pre-judgment interest of twelve percent per annum, the Rhode Island statutory rate, on $87, 090.92 from December 6, 2007, to the date of this judgment, and post judgment interest pursuant to 28 U.S.C. § 1961.[47]

## Conclusion

In sum, Textron is awarded summary judgment against Matthews on its claim that Matthews has breached his personal guarantee agreement with Textron.  Textron is, therefore, entitled to recover from Matthews the principal sum of $87,090.92, plus interest on that sum of twelve percent per annum from December 6, 2007, to the date of this judgment, as well as interest pursuant to 28 U.S.C. § 1961 from the date of this judgment. Textron is further entitled to its reasonable attorneys' fees incurred in this matter, as well as its costs, such amounts, together with a final calculation of interest, to be determined.

IT IS SO ORDERED.

Dated:   May 29, 2008                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[47] 28 U.S.C. § 1961(a) states, in pertinent part:  "Interest shall be allowed on any money judgment in a civil case recovered in a district court ....  Such interest shall be calculated from the date of the entry of the judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment."

-10-